13-1040-cv
Salvador v. State of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand fourteen.

PRESENT: DENNY CHIN,
    SUSAN L. CARNEY,
    CHRISTOPHER F. DRONEY,
      Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - -x

LUIS SALVADOR, IN PROPRIA PERSONA,
     Plaintiff-Appellant,

     -v-         13-1040-cv

STATE OF NEW YORK, BONNIE G.
WITTNER, CYRUS R. VANCE, CAROL
GERSTMAN, LISA WHITE, ANDREW M.
CUOMO, ERIC T. SCHNEIDERMAN,
ANDREW H. MEIER, EVA MARIE
DOWDELL, EUGENE B. NATHANSON,
MICHAEL J. OBUS,
     Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:          Luis Salvador, pro se, East
                                  Elmhurst, New York.

FOR DEFENDANTS-APPELLEES:         Susan C. Roque, New York County
                                  District Attorney's Office, New
                                  York, New York, for Cyrus R. Vance
                                  and Eva Marie Dowdell.

                                  Eugene B. Nathanson, Law Office of
                                  Eugene B. Nathanson, New York, New
                                  York, for Eugene B. Nathanson.

Appeal from the United States District Court for the Southern District of New York (Preska, J.).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Luis Salvador, proceeding pro se, appeals the district court's judgment, entered February 19, 2013, dismissing his complaint. The district court sua sponte dismissed the action, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

While incarcerated at the George Motchan Detention Center, Salvador brought this action pro se seeking to initiate a criminal prosecution of defendants. Salvador filed his complaint as an affidavit purportedly to avoid criminal liability for misprision of felony under 18 U.S.C. § 4. In addition, Salvador sought to prosecute defendants for crimes pursuant to several provisions of Title 18 of the United States Code, among other federal statutes. Salvador instructed the district court that his complaint should be construed only as a

-2-

"Criminal Complaint." Compl. Attach. at 3. The complaint sought $72,500,000 in "damages," his release from incarceration, and dismissal of the criminal charges filed against him in state court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's dismissal under 28 U.S.C. § 1915(e)(2). See Giano v. Goord, 250 F.3d 146, 149-50 (2d Cir. 2001). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and that would "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Id. Courts should read pro se complaints liberally with "special solicitude" and interpret them to raise "the strongest [claims] they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotation marks omitted). Although we have held that district courts should not dismiss a pro se complaint without granting leave to amend, leave is not

necessary when it would be futile.  See <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000).

Here, an independent review of the record and relevant case law reveals that the district court properly dismissed Salvador's action.  We affirm for substantially the reasons stated by the district court in its February 19, 2013 order of dismissal.

We have considered Salvador's remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe, Clerk